UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEBRA MARIE VALENTINE

VERSUS

LOUISIANA STATE POLICE ET AL

CIVIL ACTION

13-660-JJB-SCR

## RULING

This matter is before the Court on two motions to dismiss brought by Defendants, the Louisiana State Police, Colonel Michael D. Edmonson, and Officer Steven Bunch. Defendants bring the first Motion (doc. 15) to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff, Debra Marie Valentine, has filed an opposition (doc. 19). Defendants bring the second Motion (doc. 23) to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion is unopposed. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Defendants' motions are GRANTED.

Plaintiff brings this action under 42 U.S.C. § 1983, as well as various other federal statutes and state laws, alleging that she has been deprived of her constitutionally protected civil rights. She alleges that on October 12, 2012, she was involved in a car accident to which Officer Steven Bunch responded to conduct an investigation. During the investigation, she alleges that Officer Bunch accused her of lying about how the accident occurred and used unnecessary physical force to restrain her when she inquired as to why the investigation was taking so long. She further alleges that she was handcuffed, placed in the back seat of a squad car, and eventually arrested and taken to the East Baton Rouge Parish Jail for resisting an officer, providing false statements, and disregarding a red light.

Based upon the foregoing, Plaintiff brought suit against the Louisiana State Police, and Colonel Edmonson and Officer Bunch in their official capacities. Defendants filed a motion to

dismiss (doc. 15) asserting that Plaintiff's claims against the Louisiana State Police Department, and Colonel Edmonson and Officer Branch in their official capacities were barred by the Eleventh Amendment. In her opposition, Plaintiff conceded that *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273 (5th Cir. 2002) barred her suit against the Louisiana State Police Department, and Colonel Edmonson and Officer Bunch in their official capacities, but nevertheless sought leave to amend her complaint to assert claims against Colonel Edmonson and Officer Bunch in their individual capacities, which she subsequently did (doc. 22).[1] Colonel Edmonson and Officer Bunch have brought this motion to dismiss arguing that Plaintiff has failed to state a cause of action against them in their official capacities and against Colonel Edmonson in his individual capacity.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When reviewing the complaint, a court must accept all well-pleaded factual allegations as true. *C.C. Port. Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Facts must be viewed in the light most favorable to the non-movant. *See Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012). In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court need not determine at this preliminary stage whether the plaintiff's claims will ultimately succeed on the merits. *Id*. at 556. Instead, a court must identify the factual allegations entitled to the presumption of truth and determine whether they state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

[1] Though the amended complaint sues Colonel Edmonson and Officer Bunch in their individual capacities, it also maintains suit against them in their official capacities.

Citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), Defendants argue that Plaintiff's claims against them in their official capacities fail as a matter of law. The Court agrees. Under *Will*, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" and therefore, cannot be sued in a federal forum for damages. *Id.* at 71. Accordingly, Plaintiff's claims against the Defendants in their official capacities are dismissed.

As to the claim asserted against Colonel Edmonson in his individual capacity, Defendants argue that it fails as a matter of law. Defendants argue that Plaintiff's claim against Colonel Edmonson is one for supervisory liability impermissibly predicated on a theory of *respondeat superior*. The Court agrees. It is well-settled that liability under § 1983 cannot be imposed on the basis of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Doe v. Taylor Independent School Dist.*, 15 F.3d 443, 452 (5th Cir. 1994). Instead, to be liable in his individual capacity, Plaintiff would have to plead facts showing that Colonel Edmonson: (1) failed to supervise or train his officer; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and (3) such failure to supervise or train amounted to gross negligence or deliberate indifference. *Doe*, 15 F.3d at 452-53 (citing *Hinshaw v. Doffer*, 785 F.2d 1260, 1263 (5th Cir. 1986)). Plaintiff has failed to allege any facts to satisfy the elements of a cognizable supervisory liability claim, but instead relies upon conclusory statements insufficient to state a valid claim. *See Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, the claim against in Colonel Edmonson in his individual capacity is dismissed.

For the reasons stated herein, Defendants' Motions (docs. 15 & 23) to Dismiss are GRANTED. All claims asserted against the Louisiana State Police and Colonel Michael D.

Edmonson are DISMISSED.  All claims asserted against Officer Steven Bunch in his official capacity are DISMISSED.  All claims asserted against Officer Steven Bunch in his individual capacity may proceed.

Signed in Baton Rouge, Louisiana, on June 18, 2014.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**